**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RANDLE LAVERDURE,

        Petitioner,

v.                                Case No. 2:07-CV-11055

RAYMOND BOOKER,

        Respondent.
                                    /

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

**I. INTRODUCTION**

Michigan prisoner Randle Laverdure ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty to the delivery of methamphetamine, Mich. Comp. Laws § 333.7401(2)(b)(i), in the Macomb County Circuit Court in exchange for the dismissal of other counts, the dismissal of a habitual offender charge, and a reduced charge in a separate case. He was sentenced to four to 20 years imprisonment. In his pleadings, Petitioner raises claims concerning his sentence and the effectiveness of defense counsel. For the reasons stated below, the court denies the petition for a writ of habeas corpus.

**II. BACKGROUND**

Petitioner's conviction arises from his delivery of ecstasy on December 9, 2005 in Warren, Michigan. On April 11, 2006, Petitioner pleaded guilty to the charge of delivery of methamphetamine in exchange for the dismissal of other counts, the dismissal of a habitual offender charge, and a reduced charge in another case.

On May 16, 2006, the trial court conducted a sentencing hearing. At that hearing, defense counsel made corrections to the sentencing report, but stated that Petitioner's sentencing guidelines remained at 36 to 60 months and the plea agreement called for a minimum sentence of 48 months. The probation department recommended a sentence of 48 months (four years) to 20 years imprisonment. The trial court acknowledged that there was no sentencing agreement and then inquired into the circumstances of the crime and Petitioner's criminal history. Based on those circumstances and the fact that Petitioner was on parole at the time of the instant offense, the trial court accepted the probation department's recommendation and sentenced Petitioner to a term of four to 20 years imprisonment.

Petitioner attaches two sentencing information reports to his petition. The first report, signed by the sentencing judge and dated May 16, 2006, indicates that Petitioner's guideline minimum range is 36 to 60 months imprisonment. The second, an unsigned and undated "corrected copy" of the report, reflects a guideline minimum range of 24 to 40 months imprisonment.

Following sentencing, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals raising the same claims contained in the present petition. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *See People v. Laverdure*, No. 271352 (Mich. Ct. App. Aug. 16, 2006). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *See People v. Laverdure*, 477 Mich. 950, 723 N.W.2d 877 (2006).

Petitioner thereafter filed the present federal habeas petition, raising the following two claims:

> I. The trial court did not articulate on the record a substantial and compelling reason for departing upward from the statutory guidelines.
>
> II. Petitioner was denied the effective assistance of counsel.

Respondent has filed an answer to the petition asserting that it should be denied for lack of merit. Petitioner has filed a reply to that answer.

### III.  DISCUSSION

### A.  STANDARD

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it

'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness

4

of the state court's resolution of an issue.  See *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Finally, a state court's factual determinations are presumed correct on federal habeas review.  See 28 U.S.C. § 2254(e)(1).  A habeas petitioner may rebut this presumption with clear and convincing evidence.  See *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

In this case, Petitioner presented his sentencing and ineffective assistance of counsel claims to the Michigan appellate courts.  The Michigan Court of Appeals denied his leave application "for lack of merit in the grounds presented."  When a state court disposes of a constitutional claim without articulating its analysis, "modified" deferential review is required.  See *Maldonado v. Wilson*, 416 F.3d 470, 475-76 (6th Cir. 2005); *Howard v. Bouchard*, 405 F.3d 459, 467 (6th Cir. 2005).  Under the modified standard, a federal habeas court must conduct an independent review of the record and applicable law to determine whether, under the AEDPA standard, the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented.  The independent review, however, is not a full *de novo* review of the claims.  See *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000).  "This standard of review requires the court to conduct a careful review of the record and applicable law, but nonetheless, bars the court from reversing unless the state court's decision is contrary to or an unreasonable application of federal law." *Maldonado*, 416 F.3d at 476 (citing *Howard* and *Harris*).  With this standard in mind, the court will address each of Petitioner's claims.

## B. Sentencing Departure Claim

Petitioner first asserts that he is entitled to habeas relief because the trial court failed to provide substantial and compelling reasons to justify an upward departure from the sentencing guideline range. Specifically, Petitioner alleges that his sentencing guideline range called for a minimum sentence of 24 to 40 months and that the trial court improperly sentenced him to a minimum sentence of 48 months (four years) imprisonment. Respondent contends that this claim is not cognizable on federal habeas review.

Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeds the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's claim that the trial court erred in departing above the guideline range is not cognizable on federal habeas review because it is a state law claim. *See McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Any error in departing above the guideline range does not merit federal habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Petitioner relies solely upon state law in making this claim and only alleges a violation of state law. Even if his sentence exceeds the minimum guideline range, it is within the statutory maximum. *See* Mich. Comp. Laws § 333.7401(2)(b)(i). Petitioner has thus failed to state a claim upon which federal habeas relief may be granted as to this issue.

Petitioner also seems to contend that the trial court relied upon inaccurate information in sentencing him. A sentence may violate due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (holding that a defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must show that the trial judge relied upon the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner has made no such showing. The record indicates that the trial court recognized that there was no sentencing agreement, accepted the probation department's recommendation, and sentenced Petitioner to four to 20 years imprisonment based on the circumstances of his case and because he was on federal parole at the time he committed the instant offense. Petitioner has not shown that the trial court relied upon materially false or inaccurate information in imposing his sentence, nor has he shown that he was denied an opportunity to correct perceived errors in the record. Habeas relief is not warranted on this basis.

### C. Ineffective Assistance of Counsel Claim

Petitioner relatedly asserts that he is entitled to habeas relief because defense counsel was ineffective at sentencing. Petitioner contends that defense counsel was mistaken as to the terms of the plea agreement and misrepresented the minimum

7

sentencing guidelines to the trial court as 36 to 60 months imprisonment when they were 24 to 40 months imprisonment. Respondent contends that this claim lacks merit.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (citing *Strickland*, 466 U.S. at 486).

After making a correction to the sentencing report, defense counsel stated at the sentencing hearing that Petitioner's minimum guideline range was 36 to 60 months imprisonment and the plea agreement was for 48 months imprisonment. It appears that counsel erred in stating that the plea agreement called for a four-year sentence since there is no mention of a sentencing agreement at the plea hearing. Whether counsel erred in discussing the minimum guideline range, however, is a closer question because the record does not clearly reflect whether the "corrected copy" of the sentence information report was available to counsel at the time of sentencing. Even assuming that counsel erred, however, Petitioner has failed to establish that he was prejudiced by counsel's conduct. The record reveals that the trial court understood that there was no sentencing agreement and sentenced Petitioner to four to 20 years imprisonment based upon the fact that Petitioner was using and delivering drugs while on federal parole. The record further reveals that the trial court followed the probation department's recommendation in imposing sentence. There is no indication that the trial court relied upon defense counsel's representations or that the trial court would have imposed a different sentence had defense counsel handled the matter differently. The trial court provided sufficient reasons to justify its sentence, even if that sentence constitutes an upward departure. Petitioner has not shown that he was prejudiced by counsel's conduct at sentencing. He has thus failed to establish that counsel was deficient under the *Strickland* standard. Habeas relief is not warranted on this claim.

## IV.  CONCLUSION

IT IS ORDERED that the petition for a writ of habeas corpus is DENIED.

          s/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated:  July 31, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2008, by electronic and/or ordinary mail.

          s/Lisa G. Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522